SMITH, J.
Appellee, Hunt, as plaintiff below, alleged that be and appellant, Wilson, entered into a partnership for the purpose of razing and reconstructing a certain building or buildings in the city of San Antonio. It is asserted in appellant’s brief and not controverted by appellee that the only allegations in the plaintiff’s petition as to the terms and conditions of the alleged partnership agreement were contained in the following:
“That defendant proposed to plaintiff that, if plaintiff would assist him in razing and building of said house, he would give to plaintiff an equal part and share therein of all profits made therefrom, which proposition plaintiff accepted.
“Plaintiff entered into said contract with the defendant with the distinct understanding and agreement that whatever profits were made from the razing and erection of said building, and for the salvage of said building, plaintiff and defendant were to share equally in all of such profits.”
Under this pleading the trial court rendered judgment in favor of appellee for the value of his labor performed in the partnership undertaking in addition to one-half of the net profits found to have been derived from that undertaking. There were no allegations in the pleading, nor was there any attempt to show by evidence, that it was stipulated in the partnership agreement that appellee was to receive wages for his individual services in addition to his share of the net profits. This being the case-made it is obvious that appellee was not entitled to recover for such wages. Under the contract upon which he grounded his suit he was to receive nothing beyond one-half the net profit of the venture, and it is a matter of course that he will be held to the contract he seeks to specifically enforce. It is urged by appellee that appellant, although obligated by the partnership agreement to devote his personal services to the work undertaken by the firm, in ffct devoted only a part of such services to the common purpose, and upon this default upon the part of appellant, appellee bases his right to recover wages for the whole of his time given the undertaking. That,' however, would be a matter of damages, or of an accounting; it certainly did not authorize the court to read an alien stipulation into the contract, or warrant appellee’s recovery for wages in the absence from the contract of any stipulation therefor. This rule is academic, and, as neither party has favored this court with the citation of any authorities upon this or any other point in the appeal, we do not feel called upon to brief the case for them.
Appellee did not undertake to prove the actual or approximate cost of the work done or material furnished, or salvage accomplished in the common venture, nor did he allege these elements of the transaction; which is necessary, in the face of appropriate demurrers, to supply the true measure of recovery. Instead of making this proof appellee was permitted to testify over appellant’s objections what in his opinion he could have done the job for, what “it could have been done for,” or what it “should” have cost to do the work and supply the materials used. The petitidn alleged in general terms that the partners were to divide the net profits to *264 be derived from the joint venture.' This allegation, when normally construed, meant that the net profits were to be ascertained by deducting the actual'cost to the partnership of the undertaking from the amount actually received therefor. The net profits were not determinable by an estimate by ap-pellee or any one else as to what he or others “could” or “should” have accomplished in the venture. .If evidence of the actual cost cannot be secured, then upon proper predicate and under reasonable limitations either party would perhaps be permitted to show the approximate cost of the actual labor done, materials furnished, and salvage accomplished, by witnesses who show themselves fully qualified to give their opinions thereon. But witnesses or parties to the( suit will not be permitted to speculate at large upon what the work “could” or “should” have been done for, by the witness or others, or what the building “could” or “should have been built for” by them, or what they “could do it for.”' The case is susceptible of better evidence than this, even if the precise figures are not obtainable.
Appellant has attempted to raise many questions, under 20 propositions and 33 assignments of error, but has so disregarded the rules for briefing as to rehder it difficult to get hold and dispose of them. We deem it sufficient to confine this opinion to the two questions discussed, which are outstanding in the brief, and the first of which, at least, presents fundamental error.
We suggest, in view of another trial, however,- that appellee set out in specific allegations the material elements of the contract be seeks to enforce, and that if appellant desires to except thereto he should do so fully, and exclusively in his trial pleading, and not rely upon abandoned pleadings for that purpose. /
For the errors of the court below in allowing recovery to appellee for wages for his services, and in permitting and giving effect to purely .speculative testimony upon the measure of damages, we feel obliged to reverse the judgment and remand the cause for another trial; and it is so ordered.